UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYUN SOCKEE DODSON, | Civil No. 07cv0869-W (RBB) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR RE-ISSUANCE OF U.S. MARSHAL FORMS [DOC. NO. 36] |
| v. | |
| J. ROCHA, Correctional Officer, et al., | |
| Defendants. | |

Plaintiff Tyun Sockee Dodson filed a civil rights complaint pursuant to 28 U.S.C. § 1983 on May 14, 2007 [doc. no. 1]. On July 5, 2007, Plaintiff was granted leave to proceed in forma pauperis ("IFP") [doc. no. 3]. A summons was issued for each Defendant on July 6, 2007. Since that time, ten of the Defendants have received notice of the Complaint and each waived service of the Complaint pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (See doc. nos. 5, 6, 7, 8, 9, 10, 11, 16, 21, 31.) These Defendants have since filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Complaint [doc. no. 25, 32]. As

of the date of this Order, however, the docket does not show that Defendants Mora or Arani have been served.

On January 8, 2008, Dodson submitted a letter, which was filed nunc pro tunc to January 4, 2008 [doc. no. 36].  Plaintiff alleges that he attempted to serve Defendant Arani, but due to Dodson's error in attempting to serve the Defendant on his own, service was not properly completed.  He requests that the Court provide him with a new conformed copy of the summons and Complaint and a U.S. Marshal Form 285 (erroneously referred to by Plaintiff as a "USMS 245" form) so that he can have the U.S. Marshal re-attempt service on Defendant Arani at Calipatria State Prison.

Because Dodson is proceeding IFP, he is entitled to have the U.S. Marshal Service serve the summons and Complaint on each of the Defendants.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1989).  "[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."  Puett, 912 F.2d at 275.

Dodson has identified Defendant Arani by name and badge number, and indicated that Arani was employed at Calipatria State Prison on July 30, 2005, when the events described in Plaintiff's Complaint occurred.  (See Letter dated Dec. 31, 2007 [doc. no. 36]; Compl. 1, 3.)  As long as Defendant Arani is currently employed by the California Department of Corrections ("CDC") or his forwarding address can be easily ascertained by reference to the CDC's

1  personnel records, Plaintiff is entitled to rely on the U.S.
2  Marshal to effect service on him.  See Puett, 912 F.2d at 275.
3       Accordingly, Dodson's request for re-issuance of a conformed
4  copy of the summons and Complaint and a U.S. Marshal form 285 is
5  **GRANTED**.  Plaintiff is also granted an extension of time through
6  March 3, 2008, to effect service on Defendant Arani.
7       **IT IS SO ORDERED.**

9  Dated:  January 30, 2008                    _____
10                                               Ruben B. Brooks
                                             United States Magistrate Judge

11  cc:  Judge Whelan
         All Parties of Record